WO

NA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lee Bell,<br><br>                Plaintiff,<br><br>v.<br><br>County of Maricopa, et al.,<br><br>                Defendants. | No.   CV 19-04809-PHX-MTL (JFM)<br><br>**ORDER** |

Pending before the Court is Plaintiff's May 26, 2020 Motion for Reconsideration (Doc. 19).  The Motion will be denied.

**I.     Background**

On July 24, 2019, Plaintiff William Lee Bell, who is confined in the Arizona State Prison Complex-Yuma, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In an August 20, 2019 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the $400.00 filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On September 20, 2019, Plaintiff paid the $400.00 filing and administrative fees.  In a December 23, 2019 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

After requesting and receiving a 60-day extension of time, Plaintiff filed his First

Amended Complaint on February 26, 2020. In an April 2, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 16, 2020, Plaintiff filed a Motion for Extension of Time and a Motion to Appoint Counsel. In an April 23, 2020 Order, the Court denied the Motion to Appoint Counsel and granted the Motion for Extension of Time to the extent it gave Plaintiff 45 days to file his second amended complaint. On May 22, 2020, Plaintiff filed a Motion to Stay, which the Court construed as a motion for extension of time and granted Plaintiff 60 days to file a second amended complaint in compliance with the Court's April 2, 2020 Order.

**II.     Motion for Reconsideration**

In his Motion, Plaintiff asks the Court to reconsider his April 16, 2020 Motion to Appoint Counsel and April 23, 2020 Notice of Errata and to appoint an attorney to assist him in filing a second amended complaint. Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D.

581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Plaintiff's Motion to Appoint Counsel, Plaintiff's Notice of Errata, the April 23 and May 17, 2020 Orders, and Plaintiff's Motion for Reconsideration. The Court finds no basis to reconsider its decision and will deny Plaintiff's Motion for Reconsideration.

**III.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Possible "Strike"**

Because the First Amended Complaint was dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in the April 2, 2020 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the April 2, 2020 Order, May 27, 2020 Order, and this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Reconsideration (Doc. 19) is **denied**.

(2) All previous filing deadlines remain in place.

Dated this 12th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge