WO NA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lee Bell,<br><br>    Plaintiff,<br><br>v.<br><br>County of Maricopa, et al.,<br><br>    Defendants. | No.  CV 19-04809-PHX-MTL (JFM)<br><br>**ORDER** |

On July 24, 2019, Plaintiff William Lee Bell, who is confined in the Arizona State Prison Complex-Yuma, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In an August 20, 2019 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the $400.00 filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On September 20, 2019, Plaintiff paid the $400.00 filing and administrative fees. In a December 23, 2019 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

After requesting and receiving a 60-day extension of time, Plaintiff filed his First Amended Complaint on February 26, 2020.  In an April 2, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  The Court gave

Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 16, 2020, Plaintiff filed a Motion for Extension of Time and a Motion to Appoint Counsel. In an April 23, 2020 Order, the Court denied the Motion to Appoint Counsel and granted the Motion for Extension of Time to the extent it gave Plaintiff 45 days to file his second amended complaint. On May 22, 2020, Plaintiff filed a Motion to Stay, which the Court construed as a motion for extension of time and granted Plaintiff 60 days to file a second amended complaint in compliance with the Court's April 2, 2020 Order.

On July 17, 2020, Plaintiff filed a Second Amended Complaint (Doc. 22). The Court will dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.    Second Amended Complaint**

In his three-count Second Amended Complaint, Plaintiff sues Defendant Maricopa County. Plaintiff claims he was denied access to the courts and seeks monetary and injunctive relief.

In support of each of his claims, Plaintiff alleges the following: Defendant Maricopa County has a policy that required Plaintiff to "advance [$55.00] to secure [his] constitutional rights." If "citizens" are unable to pay the fee, they are denied constitutional protections. As a result of this policy, Plaintiff claims he was denied his right to due process and equal protection. Even after Plaintiff paid the $55.00 fee on February 23, 2019, Maricopa County "refused Plaintiff his constitutional rights." Plaintiff also alleges that on April 22, 2019 Maricopa County "advised" him that he "would be afforded his constitutional protections within ninety days, which did not happen." Plaintiff alleges that Maricopa County "committed fraud" against him when it charged $55.00 "for a service" and then denied him the service. Plaintiff claims that as of June 9, 2020, he "has not been afforded due process or equal protection." Plaintiff claims the Maricopa County courts "fail[ed] to act" on his "post-conviction motion for relief."

Plaintiff asserts that his claims are brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 for violations of his First, Fifth, Sixth, and Fourteenth Amendment rights

and pursuant to the Arizona constitution for "neglect to prevent or obstructed justice."

In Count One, Plaintiff alleges that on November 23, 2018, he filed a Motion in Maricopa County requesting that his conviction be set aside and the "accusation or information" be dismissed. On January 8, 2019, Maricopa County ordered Plaintiff to pay a §55.00 fee to have his motion heard. Plaintiff claims that "no one in America should be forced to advance money or fees to obtain court access or court action." Plaintiff asked his family for the money and forwarded the $55.00 to Maricopa County. Maricopa County then informed Plaintiff that his motion would be heard within 90 days.

In Count Two, Plaintiff alleges that on July 17, 2018, he filed a motion in Maricopa County "challenging jurisdiction [and] a motion to dismiss due to lack of subject matter." Throughout the following two years, Plaintiff filed several more motions, but Maricopa County violated his rights by "ignor[ing]" the "lack of jurisdiction." On June 28, 2019, the Arizona Supreme Court denied Plaintiff's petition for a special action "with no finding of facts on law."

In Count Three, Plaintiff alleges "Maricopa County and its judicial system are in direct violation of court procedural and federal court rules" because it failed to "answer" Plaintiff's July 18, 2018 motion challenging jurisdiction. Maricopa County's "judicial system has made it clear that Plaintiff's petitions will not be heard," and Maricopa County's "overreaching mentality . . . guarantees that no Arizona citizen will receive due process or equal protection of the law."

As his injury in each count, Plaintiff claims he was deprived of rights, life, liberty, and property; he was denied equal protection; and he suffered lost wages, mental distress, a "health injury," loss of his 401k, loss of property, and damage to his reputation.

### III. Failure to State a Claim

A municipality, such as Maricopa County, may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains

a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

### A. Access to the Courts

The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court. *Id.* at 354. The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. *Id*. at 349. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. *Id*. at 352-53.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement. *Id*. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original).

Plaintiff's allegations are far too vague and conclusory to state an access-to-the-courts claim, as Plaintiff has not alleged facts to support that any individual interfered with

his right to bring a petition or complaint to court challenging his sentence or conditions of his confinement. Plaintiff has also failed to allege facts to support he suffered an actual injury. Accordingly, the Court will dismiss Plaintiff's access-to-the-courts claims.[1]

### B. State Law Claims

"A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001)) (quoting 28 U.S.C. § 1367(c)(3)); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice). Because Plaintiff fails to state a federal claim in the Second Amended Complaint, as discussed above, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's state law claims will be dismissed.

## IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further

---

[1] Plaintiff is reminded that a federal district court, such as this one, is not a court of review for decisions by a state trial court, such as the Maricopa County Superior Court, nor does a federal district court ordinarily have jurisdiction to compel a state trial court to act in a case pending before it. A federal court must decline jurisdiction whenever it is "in essence being called upon to review the state court decision." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (applying the *Rooker-Feldman* doctrine).

1  opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss
2  Plaintiff's Second Amended Complaint without leave to amend.

3  **IT IS ORDERED:**

4      (1)    Plaintiff's Second Amended Complaint (Doc. 22) and this action are
5  **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment
6  accordingly.

7      (2)    The Clerk of Court must make an entry on the docket stating that the
8  dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

9      (3)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3)
10 and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal
11 of this decision would be taken in good faith and finds Plaintiff may appeal in forma
12 pauperis.

13 Dated this 10th day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge